UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-61-TAV-DCP |
| ) | |
| CHARLIE SMITH, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and referral from District Judge Thomas A. Varlan [Doc. 10].

Now before the Court is Plaintiff's Motion to Renew Judgment Lien [Doc. 8]. Defendant did not respond to Plaintiff's motion. The time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** Plaintiff's motion [**Doc. 8**].

**I.     BACKGROUND**

On February 2, 2004, Plaintiff filed this claim, seeking to collect upon the student loan debt owed by Defendant [Doc. 1]. Although he received a copy of the complaint and waived service [Doc. 2], Defendant did not answer or plead as required [Docs. 3 & 4]. At Plaintiff's request, the Clerk of Court entered a default [Doc. 4]. On September 9, 2004, the Court entered a default judgment against Defendant in the amount of $16,825.59, plus interests and costs [Doc. 6]. Plaintiff then recorded an Abstract of Judgment on November 1, 2004, in Anderson County, Tennessee [Doc. 9 p. 2; Doc. 9-1]. Plaintiff states that although Defendant made minimal

payments on the judgment, a balance of $18,770.78 remains [Doc. 9 p. 2 n.2]. On October 2, 2024, Plaintiff filed a Motion to Renew Judgment Lien [Doc. 8].

II. ANALYSIS

Plaintiff asks the Court to approve the renewal of its judgment lien against Defendant pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3201 [Docs. 8–9]. Under the Federal Debt Collection Procedures Act, a judgment in a civil action creates a lien on all of the judgment debtor's real property on the filing of a certified copy of the judgment in the same manner as a tax lien. 28 U.S.C. § 3201(a). Unless the debtor satisfies the judgment, such a lien remains effective for twenty years. *Id.* § 3201(c)(1). However,

> **(2)** Such lien may be renewed for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed if—
>
> **(A)** the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and
>
> **(B)** the court approves the renewal of such lien under this paragraph.

*Id.* § 3201(c)(2).

Here, Plaintiff filed a certified copy of the Abstract of the Judgment in this action on November 1, 2004, thereby creating a lien on Defendant's real property, which would expire on November 1, 2024, unless Defendant satisfied the judgment [*See* Doc. 9-1]. *See id.* § 3201(a). As of October 2, 2024, Defendant had not satisfied the judgment [Doc. 9 p. 2 n.2], and Plaintiff filed a notice with the Court seeking to renew the lien [Doc. 8]. *See id.* § 3201(c); *United States v. Snyder*, No. 10-3937, 2011 WL 2144563, at *1 (3d Cir. June 1, 2011) (explaining that under § 3201(c)(2), a party may renew the lien for an additional twenty years by filing notice with the court). Additionally, Defendant has not opposed the notice. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Accordingly, the undersigned recommends that the District Judge approve Plaintiff's renewal of its judgment lien against Defendant pursuant to 28 U.S.C. § 3201(c).

## III. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS**[1] that the District Judge **GRANT** Plaintiff's Motion to Renew Judgment Lien [**Doc. 8**] and **APPROVE** the renewal of the lien stemming from the default judgment in this case for an additional twenty years.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).